IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ASHLEY SMITH, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | Civil Action File |
| v. | : | |
| | : | No. _____ |
| PANIC RECOVERY LLC, | : | |
| RANDALL KNOWLES, | : | |
| CASEY KNOWLES, and | : | |
| DCR & COMPANY LLC, | : | |
| | : | |
|     Defendants. | : | |
| _____ | : | |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.    Plaintiff Ashley Smith ("Ms. Smith" or "Plaintiff") brings this action for damages arising from the wrongful repossession of her automobile by the named Defendants for violations of the Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. § 1692f(6)(A) and supplemental state law claims, including, but not limited to, violations of the Georgia Fair Business Practices Act ["GaFBPA"], O.C.G.A. §§ 10-1-390 et seq. and Georgia tort law.

## SUBJECT MATTER JURISDICTION

2.   Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §
1692k(d) and 28 U.S.C. §§ 1331 and 1337 (federal question jurisdiction).

3.   Venue lies properly in this District as a substantial part of the events or
omissions giving rise to the claims herein occurred in this District pursuant
to 28 U.S.C. §1391(b)(2).

4.   This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear
Plaintiff's state law claims as they are so related to Plaintiff's federal
question claim that they form part of the same case or controversy.

## PARTIES AND PERSONAL JURISDICTION

5.   Plaintiff is a natural person who resides within the Southern District of
Georgia and is authorized by law to bring this action.

6.   Defendant PANIC RECOVERY LLC is a limited liability company
organized under the laws of the State of Georgia with its principal office
located at 3713 Ogeechee Rd, Savannah, GA, 31405, USA.

7.   PANIC RECOVERY LLC is subject to the jurisdiction and venue of this
Court.

8.   PANIC RECOVERY LLC may be served by personal service upon its
registered agent, to wit: Casey Knowles, 3713 Ogeechee Road, Savannah,

Georgia, 31405, USA.

9.   Alternatively, PANIC RECOVERY LLC may be served by personal service upon any of its authorized officers or agents at its principal place of business or wherever they may be found.

10.   Defendant Casey Knowles is a natural person who resides at 36 Hardee Drive, Savannah, Georgia 31406, USA.

11.   Defendant Randall Knowles is a natural person who resides at 36 Hardee Drive, Savannah, Georgia 31406, USA.

12.   Defendants Casey Knowles and Randall Knowles ("the Knowles Defendants") are subject to the jurisdiction and venue of this Court.

13.   The Knowles Defendants may be served at their place of residence or wherever they may be found.

14.   Defendant DCR & COMPANY LLC is a limited liability company organized under the laws of the State of Georgia with its principal office located at the Knowles Defendants' residence, to wit: 36 Hardee Drive, Savannah, Georgia, 31406, USA.

15.   DCR & COMPANY LLC is subject to the jurisdiction and venue of this Court.

16.   DCR & COMPANY LLC may be served by personal service upon its registered agent, to wit: Randall Knowles, 36 Hardee Drive, Savannah,

Georgia, 31406, USA.

17.   At various times both Randall Knowles and Casey Knowles have served as
      the registered agent for DCR & COMPANY LLC.

18.   Alternatively, DCR & COMPANY LLC may be served by personal service
      upon any of its authorized officers or agents at its principal place of
      business or wherever they may be found.

19.   Together, all defendants (and possibly others now unknown) operate an
      automobile repossession business using the trade name "PANIC."
      (Hereinafter, defendants are referred to collectively as "PANIC.")

20.   PANIC is in the business of repossessing vehicles from consumer debtors
      who allegedly owe past due debts.

21.   Defendants' automobile repossession business uses a brightly colored logo
      which features the word "PANIC" along with an image of a stylized
      towing chain and hook.

22.   The Knowles Defendants are the owners and operators of PANIC.

23.   The Knowles Defendants are actively involved in the operations,
      management and structuring of PANIC.

24.   The Knowles Defendants exercise dominion and control over both PANIC
      RECOVERY LLC and DCR & COMPANY LLC.

25.   The Knowles Defendants have structured the business of PANIC in a

4

fashion that seeks to evade responsibility for the just debts and liabilities incurred in the operation of the repossession business.

26.    Defendants use the business entity PANIC RECOVERY LLC as an empty shell in furtherance of their purpose of evading just debts which may be incurred by the defendants' repossession business.

27.    Beginning in 2020, at least one individual defendant has made representations that PANIC RECOVERY LLC is "winding up its affairs."

28.    Contrary to winding up its affairs, the individual defendants have continued to file annual registrations with the Georgia Secretary of State to maintain the appearance that PANIC RECOVERY LLC is "active/[in] compliance" on public records.

29.    The Knowles Defendants are not winding up their repossession business, but instead are continuing to operate their repossession business themselves individually and through DCR & COMPANY LLC.

30.    Assets once held by PANIC RECOVERY LLC have been transferred in order to avoid the just debts and liabilities arising from the operation of the repossession business.

31.    The transfer of assets from PANIC RECOVERY LLC has been done with the actual intent to hinder, delay, or defraud any creditor of the debtor.

32.    In 2020, PANIC RECOVERY LLC transferred the real property used in the

operation of the repossession business to DCR & COMPANY LLC by quit claim deed.

33. The transferred real property is located at 3713 Ogeechee Rd Savannah, Georgia  31405.

34. The quit claim deed was signed by individual defendant Casey Knowles.

35. The sales price of the transaction referenced in the preceding paragraphs was publicly declared to be $0.00 in the PT-61 form filed for the transaction.

36. This real property transaction, and perhaps other transactions now unknown, was made without PANIC RECOVERY LLC receiving a reasonably equivalent value in exchange for the transfer.

37. The ongoing business operations of the repossession business was such that the remaining assets (if any) of PANIC RECOVERY LLC were unreasonably small in relation to liabilities incurred in the ongoing operation of the business.

38. The Knowles Defendants should have reasonably believed that PANIC RECOVERY LLC would incur liabilities from its normal operation that was beyond PANIC RECOVERY LLC's ability to pay as said liabilities came due.

39. The Knowles Defendants knew and intended that PANIC RECOVERY

LLC would incur liabilities from its normal operation that were beyond PANIC RECOVERY LLC's ability to pay as said liabilities came due.

40.   Even though it appears that PANIC RECOVERY LLC was stripped of all assets and is only an empty shell, the defendants continue to operate the repossession business under the name "PANIC" and use the same brightly colored "PANIC" logo.

41.   The defendants disregard the separateness of the LLC entities.

42.   DCR & COMPANY LLC has also transferred valuable real property to the Knowles Defendants for no consideration.

43.   Demonstrative of the defendants' intent to avoid responsibility for just debts and liabilities arising from its business, PANIC RECOVERY LLC was sued in a state civil action in 2020 for an automobile accident and willfully chose to default instead of answering the lawsuit.

44.   The defendants knew that all valuable assets had been stripped from PANIC RECOVERY LLC; and therefore, they could ignore the 2020 civil action without risk of collection.

45.   In the state civil action, defendants did not cooperate at all, refusing to even provide insurance information. The injured plaintiff in that case had to rely on her own uninsured motorist coverage for any recovery.

46.   Other defendants may be discovered in the course of litigation, and

Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

47.   PANIC operates a business that acts on behalf of creditors to repossess motor vehicles which are subject to a security interest.

48.   The principal purpose of PANIC's business is the enforcement of security interests.

49.   The defendants maintain a website for PANIC which states that it "is the leading collateral recovery team in the [sic] Savannah, Georgia. We are well known for professional service & amazing capabilities so like many others, contact us if you are searching for your collateral in the Savannah, Georgia area." https://panicrepoga.com/ (last accessed June 20, 2024).

50.   PANIC was attempting to enforce a security interest against a consumer on behalf of a creditor during the course of events described in this Complaint.

51.   PANIC uses instrumentalities of interstate commerce in the operation of its business.

52.   PANIC uses the mails in the course of operating its business.

53.   PANIC uses interstate telephone and other electronic communications in

the course of operating its business.

54.  PANIC uses tow trucks and other equipment that have traveled in

interstate commerce.

55.  PANIC operates tow trucks on roads affecting interstate commerce

(including upon the Dwight D. Eisenhower National System of Interstate

and Defense Highways).

56.  PANIC contracts with businesses in other states for the purpose of

enforcing security interests in consumer goods.

57.  PANIC is a debt collector within the meaning of the FDCPA.

58.  Ms. Smith owned a 2016 Honda automobile [hereinafter "MOTOR

VEHICLE"].

59.  At all times relevant to this action, Plaintiff was the lawful owner and

titleholder of said MOTOR VEHICLE.

60.  Plaintiff purchased the MOTOR VEHICLE to be used primarily by Plaintiff

for personal and household purposes.

61.  The MOTOR VEHICLE has been used as collateral for a consumer loan.

62.  The consumer loan had been incurred to secure money to pay personal

and household obligations.

63.  At some time prior to June 20, 2023, the lender of the consumer loan

ordered the repossession of the MOTOR VEHICLE.

64. On June 20, 2023, Defendants engaged in an effort to enforce the security interest in the MOTOR VEHICLE by self-help, non-judicial repossession.

65. On the evening of June 20, 2023, Plaintiff Ms. Smith drove the MOTOR VEHICLE to the WalMart located at 14030 Abercorn Street, Savannah, Georgia 31419.

66. After finding a parking space, Ms. Smith sat in the MOTOR VEHICLE to prepare a shopping list.

67. While still inside, Ms. Smith felt an impact on the MOTOR VEHICLE.

68. Ms. Smith initially thought that someone had accidentally backed into the MOTOR VEHICLE.

69. Instead, multiple employees of PANIC used a PANIC tow truck to block Ms. Smith into her parking space.

70. PANIC's employees blocked Ms. Smith's movement and prevented her from being able to freely move about.

71. Ms. Smith immediately made a clear oral protest of the repossession.

72. Defendants did not have a present right to possession of the MOTOR VEHICLE because Georgia law forbids repossession in the presence of the property owner in circumstances that may give rise to a breach of the peace.

73. Defendants did not have a present right of possession of the MOTOR

VEHICLE because Georgia law forbids repossession in the face of a oral

protest.

74.    The Georgia Court of Appeals has held that:

> We further agree with "most courts [which] find a breach of peace
> by any creditor who repossesses over the unequivocal oral protest of
> the defaulting debtor." [Cits.] "[I]f collateral, such as a car, is on the
> streets or in a parking lot, no breach of peace will occur if the
> secured party takes it without protest or out of the presence of the
> debtor." [Cits.] Likewise, if a third party such as a spouse, child or
> parent who reasonably could be expected by the repossessor to
> staunchly protect the property on behalf of the debtor protests the
> taking, then a breach of the peace may under the attendant
> circumstances be imminent. In such cases, self-help repossession
> should no longer be a lawful alternative for the secured party.
> [Cit.] . . . These results are compatible with public policy, as "public
> policy is clearly in favor of a rule that an oral protest is sufficient to
> foreclose non-judicial possession because it does not beckon the
> repossessing creditor to the brink of violence." [Cit.]

*Hopkins v. First Union Bank of Savannah*, 193 Ga.App. 109, 110-11 (1989)

(emphasis added).

75.    It was illegal under Georgia law for PANIC to attempt to repossess the

MOTOR VEHICLE from Plaintiff's presence and when Plaintiff had made

a clear oral protest.

76.    PANIC ignored Ms. Smith's clear oral protest and forcibly took the

MOTOR VEHICLE from Ms. Smith's possession in spite of her presence

and protest.

77.    Defendants did not have a present right of possession of the MOTOR

VEHICLE at the time of the repossession.

78.    Defendants knew, or should have known, at the time of the repossession that they did not have the present right of possession of the MOTOR VEHICLE.

79.    In repossessing the MOTOR VEHICLE, Defendants violated the FDCPA, as well as the laws of the State of Georgia.

80.    Defendants acted in reckless disregard and pursued the repossession in violation of the law.

81.    The MOTOR VEHICLE was repossessed in Chatham County which is in the Savannah Division of the Southern District of Georgia.

82.    Throughout the entire process, from the initial impact upon her occupied MOTOR VEHICLE, through the continued restriction on Ms. Smith's ability to move as she pleased, and throughout the forceable taking of the MOTOR VEHICLE, defendants' actions reasonably caused Ms. Smith to be shocked and upset.

83.    Plaintiff was illegally deprived of the possession of the MOTOR VEHICLE.

84.    Plaintiff is entitled to recover all monetary damages, as well as costs and attorney fees, allowed by law as determined by the enlightened conscience of a trier of fact at trial.

85.    Plaintiff spent time trying to deal with the deprivation of the MOTOR

VEHICLE.

86.   Damages include, but are not limited to, the value of the MOTOR

VEHICLE, the reasonable value of the loss of use of the MOTOR

VEHICLE, and such other damages as may appear from the evidence.

87.   Plaintiff has suffered and is entitled to recover general damages.

88.   "General damages are those which the law presumes to flow from *any*

*tortious act*; they may be recovered without proof of any amount." OCGA §

51–12–2(a) (emphasis added); *see also Zieve v. Hairston*, 266 Ga. App. 753,

759-760 (2)(c) (2004) ("General damages are those which the law presumes

to flow from any tortious act[.] [Cit.] Wounding a man's feelings is as

much actual damage as breaking his limbs.").

89.   Plaintiff's general damages include, but are not limited to, emotional

distress, annoyance, frustration, stress, worry, embarrassment, and

anxiety.

90.   Further, Defendants' actions have caused Plaintiff loss of time to deal with

the consequences of the illegal repossession.

91.   Defendants have committed an intentional tort which constitutes bad faith

in the underlying transaction.

92.   The acts and omissions of the Defendants constitute stubborn litigiousness

and have caused Plaintiff unnecessary trouble and expense.

93. Defendants' actions showed willful misconduct, malice, fraud, wantonness, and oppression.

94. Defendants acted in conscious indifference to the consequences of their actions.

95. Defendants' actions show an entire want of care which would raise the presumption of conscious indifference to consequences.

96. Defendants have acted with reckless indifference to consequences and damages that the Plaintiff would incur by their actions.

97. In the final alternative, the Defendants have acted negligently.

98. All conditions precedent, if any, to the bringing of this action have occurred or been excused.

99. Specifically, to the extent required by law, Plaintiff gave ante-litem notice to Defendants more than 30 days prior to the filing of this action.

**CAUSES OF ACTION**

**COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT**

100. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.

101. "The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *LeBlanc v.*

*Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

102. Defendants' violations of the Fair Debt Collection Practices Act include, but are not limited to, the following:

> Taking a nonjudicial action to effect dispossession of property when there was no present right to possession of the property claimed as collateral, in violation of 15 U.S.C. § 1692f(6)(A).

103. As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages; actual damages (including compensatory, general, special, consequential); and an award of costs and attorneys' fees.

## COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

104. Defendants' actions constitute violations of Georgia's Fair Business Practices Act, ["GaFBPA"], O.C.G.A. §§ 10-1-390 et seq., including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

105. Accordingly, Defendants' actions constitute a violation of 15 U.S.C. section 1692f(6) which is actionable pursuant to both the Federal Fair Debt Collection Practices Act and Georgia's Fair Business Practices Act.

106. "[A] violation of the FDCPA is clearly considered a violation of the Federal

Trade Commission Act: 'a violation of [15 USCS §§ 1692 et seq.] shall be deemed an unfair or deceptive act or practice in violation of [the FTC Act.' So, interpreting and construing the FBPA consistently with interpretations of the Federal Trade Commission Act, the trial court correctly ruled that Nationwide's violation of the FDCPA also constituted a violation of the FBPA." *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga.App. 457, 459 (2007) (footnote omitted).

107. The Defendants' violations of the FBPA were the result of intentional conduct, willful, and in reckless disregard for Ms. Smith's rights and wellbeing.

108. As a result of the Defendants' actions, Plaintiff is entitled to an award of actual, compensatory, general, special, consequential, treble, and exemplary damages; costs; and a reasonable attorney's fee.

**COUNT THREE: WRONGFUL REPOSSESSION AND OTHER TORTS**

109. The acts described above constitute violations of Georgia's tort law.

110. Defendants' actions described above constitute torts, including wrongful repossession, trespass to and/or conversion of the MOTOR VEHICLE and its contents, false imprisonment, and battery, in violation of the laws of the State of Georgia.

16

111.    Accordingly, Plaintiff is entitled to relief including, but not limited to, actual, compensatory, general, special, consequential, and nominal damages, and punitive damages; costs; a reasonable attorney's fee; and an award of punitive damages to penalize and punish defendants and to deter Defendants from repeating such actions again in the future.

## COUNT FOUR: NEGLIGENCE

112.    Defendants' actions constitute negligent damage to the property of Plaintiff in violation of the laws of Georgia.

113.    Accordingly, Plaintiff is entitled to relief including, but not limited to, actual, compensatory, general, special, consequential, and nominal damages; costs; a reasonable attorney's fee; and an award of punitive damages to penalize and punish Defendants and to deter Defendants from repeating such actions again in the future.

## COUNT FIVE: VOIDABLE TRANSACTIONS

114.    Defendants' actions constitute a violation of Georgia's Uniform Voidable Transactions Act.

115.    Accordingly, plaintiff is entitled to relief including avoidance of any transfers (including the transfer of real property) to the extent necessary to

satisfy Plaintiff's claim.

116.   Plaintiff reserves the right to seek by separate motion such provisional remedies (including the possibility of appointing a receiver) and injunctions as may be appropriate during the pendency of this action.

117.   Upon securing a judgment against some or all of the defendants, the Court should enter such orders granting relief as the circumstances may require, including but not limited to an order that plaintiff may levy execution on any asset transferred (including the real property located at 3713 Ogeechee Rd Savannah, Georgia  31405).

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants and in favor of Plaintiff, as follows:

1)   That Plaintiff be awarded statutory, actual, compensatory, general, special, nominal, treble, exemplary and punitive damages;

2)   That Plaintiff be awarded her costs and expenses of litigation, including a reasonable attorney's fee;

3)   That the Court grant such provisional and permanent relief as is

18

appropriate pursuant to the Voidable Transfers Act;

4)      That the Court declare each and every defense raised by Defendants
        to be insufficient; and

5)      That the Court grant such further and additional relief to Plaintiff as
        this Court deems just and proper.

Respectfully submitted,

                        **SKAAR & FEAGLE, LLP**


                        _/s/ Kris Skaar_
                        Kris Skaar
                        Georgia Bar No. 649610
                        krisskaar@aol.com
                        Justin T. Holcombe
                        Georgia Bar No. 552100
                        jholcombe@skaarandfeagle.com
                        133 Mirramont Lake Drive
                        Woodstock, GA 30189
                        770 / 427-5600
                        404 / 601-1855 fax

                        James M. Feagle
                        Georgia Bar No. 256916
                        jfeagle@skaarandfeagle.com
                        2374 Main Street
                        Suite B
                        Tucker, GA 30084
                        404 / 373-1970
                        404 / 601-1855 fax

                        ATTORNEYS FOR PLAINTIFF

19